UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SEBASTIAN LEIGH ECCLESTON,

                            Plaintiff,

v.                                                    3:25-CV-1056
                                                     (GTS/MJK)

CATHERINE R. ROUNDS, *#752, New York State Police Investigator*; and ASHLEY N. MASTRONARDI, *#2837, New York State Police Officer,*

                            Defendants.
_____

APPEARANCES:

SEBASTIAN LEIGH ECCLESTON, No. 54623
  Plaintiff, *Pro Se*
Broome County Correctional Facility
P.O. Box 2047
Binghamton, New York 13902-2047

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Sebastian Leigh Eccleston ("Plaintiff"), against police investigator Catherine R. Rounds and police officer Ashley N. Mastronardi ("Defendants") asserting claims for equal protection, malicious prosecution, defamation, and failure to protect, are the following: (1) United States Magistrate Judge Mitchell J. Katz's Report-Recommendation recommending that Plaintiff's equal protection claim be allowed to proceed, that his malicious prosecution claim be dismissed without prejudice and without leave to amend, that both his defamation claim and his failure-to-protect claim be dismissed without prejudice and with leave to amend; and (2) six motions by Plaintiff requesting various relief. (Dkt. Nos. 11, 12, 13, 14, 19, 20, and 21.) Plaintiff has not filed an Objection to

the Report-Recommendation, and the time in which to do so has expired.  (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Katz's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[1] Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (Dkt. No. 11.)  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.  (*Id.*)

Turning to Plaintiff's six miscellaneous motions, four of those motions request leave to amend his Complaint.  (Dkt. Nos. 12, 13, 14, and 21.)[2]  All of those motions are denied without

---

[1]    When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[2]    The Court notes that, even if it were to liberally construe Plaintiff's first and second motions to amend as actually containing a specific challenge to Magistrate Judge Katz's recommendation regarding Plaintiff's defamation claim, the Court would reject that challenge based on a *de novo* review of the relevant portion of Magistrate Judge Katz's Report-Recommendation for the reasons stated therein.  (Dkt. No. 11, at 11-13.)  To those reasons, the Court adds only that, during an objection to a magistrate judge's report-recommendation, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the

prejudice on a variety of grounds, including the following: (1) such motions are unnecessary given that Magistrate Judge Katz had recommended *granting* Plaintiff leave to amend the claims that Plaintiff was seeking to amend; (2) the motions fail to comply with Local Rules 7.1(b) and 15.1(a) of the District's Local Rules of Practice; (3) it would be a waste of judicial resources under the Federal Magistrates Act of 1968 to permit Plaintiff to effectively moot Magistrate Judge Katz's Report-Recommendation by allowing him to amend his claims "once as a matter of course" under Fed. R. Civ. P. 15(a)(1), during the period in which the Report-Recommendation was being reviewed by the undersigned;[3] and (4) it would hardly be an extension of special solicitude to Plaintiff as a *pro se* litigant to accept his proposed Amended Complaint when he has not yet had the benefit of learning the undersigned's ruling with regard to Magistrate Judge Katz's Report-Recommendation.[4]

Plaintiff's remaining two motions are a motion for the appointment of counsel and a motion for an order compelling a mental examination of his wife, Lisa Carol Eccleston. (Dkt. Nos. 19 and 20.) Both of those motions are denied without prejudice as unsupported by a showing of cause and/or as procedurally improper. More specifically, Plaintiff's motion for the appointment of counsel is denied, because he has not made an adequate showing that his case

---

district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]   *See Johnson v. New York State Office of Childrens and Family Servs.*, 24-CV-1371, 2025 WL 1275848, at *1, n.3 (N.D.N.Y. May 2, 2025) (Suddaby, J.).

[4]   *Cf. Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("A plaintiff has no obligation to replead merely because the defendant has argued that the complaint is deficient, without knowing whether the court will agree.").

presents issues that are novel or more complex than those raised in a typical civil rights action such that appointment of counsel at this time would be more likely to lead to a just determination of this action.[5]   Finally, Plaintiff's motion for an order compelling a mental examination of his wife is denied, because it fails to comply with Local Rule 7.1(b) and is premature.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 11) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's six motions (Dkt. Nos. 12, 13, 14, 19, 20, and 21) are **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff's equal protection claim **SURVIVES** the Court's *sua sponte* review and requires a response by Defendants after service; and it is further

**ORDERED** that Plaintiff's malicious prosecution claim is **DISMISSED without prejudice** and **without leave to amend** except upon the filing of a successful motion to amend before the deadline set forth in this action's Pretrial Scheduling Order (after which, if there is no such successful motion, this dismissal shall be automatically converted to ones with prejudice without further Order of this Court); and it is further

**ORDERED** that Plaintiff's defamation claim and failure-to-protect claim are both **DISMISSED without prejudice** and **with leave to amend within THIRTY (30) DAYS** of the entry of this Decision and Order (after which, if there is no such amendment, those dismissals shall be automatically converted to ones with prejudice without further Order of this Court); and it is further

**ORDERED** that the Clerk of Court is directed to issue Summonses and forward them,

---

[5]   *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Hodge v.*

along with copies of the Complaint, to the U.S. Marshal for service upon Defendants Rounds and Mastronardi, after which Defendants Rounds and Mastronardi are directed to respond in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint, he must file it within **THIRTY (30) DAYS** of the entry of this Decision and Order, and that Amended Complaint must be a complete pleading which will supersede and replace his Complaint in all respects, and may not incorporate any portion of it by reference; and it is further

**ORDERED** that, if Plaintiff would like the above-referenced Amended Complaint to consist of the amended pleading that he attached to his most-recent motion to amend (Dkt. No. 21, Attach. 1, he need not refile that amended pleading but need only file a letter stating that desire (whereupon the Clerk shall refile that amended pleading as Plaintiff's Amended Complaint); and it is further

**ORDERED** that, should Plaintiff file a timely Amended Complaint, it shall be automatically referred to Magistrate Judge Katz for his review.

Dated: February 27, 2026
      Syracuse, New York

_/s/ Glenn T. Suddaby_
Glenn T. Suddaby
U.S. District Judge

---

*Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).